(37 Misc. Rep. 32.)

### MORRISON v. SMITH et al.

(Supreme Court, Trial Term, New York County. January, 1902.)

PREFERENCE—ACTION FOR LIBEL.
　　An omission to plead falsity and malice in a complaint in an action for libel cannot deprive the action of the statutory preference on the calendar, as falsity and malice are both to be presumed from the publication of the defamatory matter.

Action by Lillian C. Morrison against Ormon G. Smith and others. Motion for a preference. Granted.

Israel A. Washburne, for plaintiff.
Fettretch, Silkman & Seybel, for defendants.

DUGRO, J. This is a motion for a preference upon the ground that the action is for libel. As the complaint contains no statement of falsity or malice, the defendants question it as for libel. In my opinion, it is not necessary to plead either falsity or malice in an action for libel. Falsity and malice are both presumed from the publication of defamatory matter. Falsity need not be alleged, as truth is a defense, and cannot be shown unless pleaded. To

say that a defendant maliciously published (aside from any claim of what is generally called actual malice) is merely to assert that he published without lawful excuse. See Outline of the Law of Libel by Odgers (1897) p. 110. A plaintiff need not show that the publication was without lawful excuse, but just as falsity is presumed, so is the absence of lawful excuse presumed; and just as defendant must plead truth in order to be allowed to show it, so he must plead lawful excuse, i. e., privilege, etc., to be allowed to show it. See Odgers' Outline, above referred to, at page 109 et seq. The mere fact that in the past plaintiffs have almost invariably set forth in complaints the falsity of the libelous matter and the malice of the publisher is no good reason for continuing a bad practice, though Odgers in his Law of Libel and Slander (3d Ed.; 1896) p. 555, says: "It should be averred that defendant published the words 'falsely and maliciously.' This is a time-honored phrase, which appears in every statement of claim, and it would be foolish to idly raise a point of law by omitting it, though, in my opinion, its omission would not be a fatal defect,"—and gives reasons for his opinion. That as to ordinary or unprivileged communications in the law of defamation by the weight of American authority the existence of malice need not be alleged or proved, see pages 8, 16, and 36 of the article by W. A. Purrington, in volume 57, Nos. 9, 10, Alb. Law J., where reference is made to authorities in support of this view. In ancient times defamations occurred more frequently among neighbors, and were, as a rule, prompted by ill-will; and because it was difficult to prove motive, and because damages to repute could not be readily assessed, a form of procedure grew up by which plaintiff proved only the utterance of defamation; whereupon the law, in the absence of adequate excuse, gave redress, presuming, as was said, falsity, malice, and damage. The motion is granted.

Motion granted.